UNITED STATES of America, Plaintiff—Appellee,

v.

Fernando FERNANDEZ, Defendant— Appellant.

No. 00–30379.

D.C. No. CR–00–00093–a–JKS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2001 *.

Decided Dec. 6, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument.  See    Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Fernando Fernandez ("Fernandez") appeals from his conviction of conspiring to distribute cocaine, pursuant to 21 U.S.C. § 846, and his 78–month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Fernandez first argues that the district court erred in admitting prior-acts evidence. Alternatively, Fernandez argues that the prior-acts evidence, even if admissible under Federal Rule of Evidence 404(b), should have been excluded as prejudicial under Rule 403.

■ Under Rule 404(b), evidence of prior acts may be admitted to show knowledge and intent, but may not be admitted to show bad character. *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982). Nevertheless, the evidence should not be admitted unless the government demonstrates that it tends to prove a material point at issue in the trial, is not temporally remote to the charged offense, is sufficient to demonstrate that the defendant committed the prior act, and is similar to the charged offense. *United States v. Rude,* 88 F.3d 1538, 1549 (9th Cir.1996). Here, the evidence of the Ramirez drug transactions was admitted to prove that Fernandez intended to conspire to distribute narcotics, a required element of the conspiracy count. Ramirez had been arrested a mere three months prior to Fernandez's arrest, a sufficient temporal link. Additionally, a reasonable jury could have found that Fernandez was involved in a separate overall conspiracy that encompassed Ramirez's acts. Finally, the evidence meets the similarity requirement.

The district court, therefore, did not err in admitting the evidence under Rule 404(b).

■ As for Fernandez's Rule 403 argument, the district court gave the jury a strong limiting instruction cautioning that Fernandez's wife was not automatically his agent as a result of their marital status, and the government, therefore, needed to prove that Fernandez himself was involved in the prior conspiracy. The instruction also appropriately cautioned the jury that it could not use the Ramirez-related evidence to infer that Fernandez had a propensity to violate federal drug laws. Given the abundance of caution with which the district court treated the evidence, and its probative value, we cannot say that the district court abused its discretion in ruling, pursuant to Rule 403, that the evidence was not substantially more prejudicial than probative.

■ Fernandez next urges that there was insufficient evidence to support his conspiracy conviction. In conducting our review, we view the evidence "in the light most favorable" to the government to determine "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *United States v. Carpenter,* 95 F.3d 773, 775 (9th Cir.1996) (emphasis in original) (internal quotation marks omitted).

Fernandez principally contends that his conviction should be reversed in light of *United States v. Recio,* 258 F.3d 1069 (9th Cir.2001). In *Recio,* which involved a sting executed after the government seized drugs from a low-level smuggler, we held that the government must demonstrate that the defendant had entered into a conspiracy before the seizure of the narcotics that constituted the conspiracy's object. *Id.* at 1071–73; *see also United States v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Cruz,* 127 F.3d 791 (9th Cir.1997). This case, however, is distinguishable from *Recio.* Here, Fernandez admitted to federal law enforcement officers following his arrest that he suspected the woman he picked up in Anchorage to transport to Fairbanks was a drug courier. That statement alone would allow a reasonable jury to conclude that Fernandez had entered into a prior conspiracy to distribute cocaine in Alaska. Additionally, other evidence, including the links with an apparent trafficker named Juan, support the existence of a conspiracy prior to seizure. Nor is this a case like *Recio* where the prepaid calling card was not linked to a specific individual. Viewed in its totality, the record is sufficient to support a finding that Fernandez had been involved in a conspiracy that came into being before the government's seizure of narcotics from the courier.

■ Fernandez next argues that the district court erred in enhancing his base offense level two points under U.S.S.G. § 3C1.1, because it found that he had obstructed justice by warning co-conspirators about the courier's arrest. The district court found that Fernandez, after he purportedly agreed to cooperate with the government, warned various co-conspirators about the arrest of the drug courier, thereby allowing them to elude further investigatory efforts. Such a finding was not clearly erroneous; in particular, federal officers testified that Fernandez's use of the word "sick" to describe the courier is commonly-used among traffickers to describe one who has been arrested. The district court did not err in basing the enhancement on this finding. By tipping off his co-conspirators, Fernandez acted willfully in obstructing the government from further investigating the drug ring, enough so that he significantly hindered the government's efforts. *See, e.g., United*

*States v. Solano–Godines,* 120 F.3d 957, 963–64 (9th Cir.1997).

■ Finally, Fernandez argues the district court erred in declining to lower his base offense level by four points pursuant to U.S.S.G. § 3B1.2(a) because, he claims, he was a minimal participant in the narcotics conspiracy. As discussed above, the district court found, among other things, that Fernandez had been an integral part of the narcotics conspiracy, so much so that he decided to warn higher-ups to assist them in eluding arrest. Consequently, the district court did not err in denying Fernandez a four-point downward adjustment pursuant to § 3B1.2(a).

AFFIRMED.